Filed 8/27/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **In re A.F., a Person Coming Under the Juvenile Court Law.** | |
| **A.F.,** <br><br>     **Plaintiff and Respondent,** <br><br> **v.** <br><br> **ALAMEDA COUNTY SOCIAL SERVICES AGENCY,** <br><br>     **Defendant and Appellant.** | **A137913** <br><br> **(Alameda County Super. Ct. No. 160539)** |

Former juvenile court dependents who were placed in nonrelative guardianships may be eligible to receive public assistance until the age of 21 if they meet certain educational or vocational requirements and continue under the care of their guardian. Here, we address the options available to the court when the guardian dies and an otherwise-eligible adult youth seeks to maintain those public assistance payments. We conclude the statutory scheme authorizes the appointment of a successor guardian.

FACTS AND PROCEDURAL HISTORY

A.F. was declared a dependent of the juvenile court shortly after her birth on December 31, 1993, and was removed from her parents' custody. (Welf. & Inst. Code, § 300.)[1] In 1996, the court appointed a nonrelative legal guardian for A.F. under section

_____

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

366.26 and dismissed the dependency case, retaining jurisdiction over the guardianship under section 366.4. A.F.'s guardian received Aid to Families with Dependent Children-Foster Care (AFDC-FC) on A.F.'s behalf, administered by appellant Alameda County Social Services Agency (Agency). (§ 11400 et seq.)

A.F. turned 18 on December 31, 2011. On that date, A.F., her Agency social worker and her guardian executed a Mutual Agreement for Extended Foster Care, which included a Transitional Independent Living Plan and Agreement requiring A.F. to work toward three goals—finishing high school, enrolling in college and preparing to get a job. A.F.'s guardian continued to receive AFDC-FC benefits under section 11405, subdivision (e) (now (e)(1))[2], which allows certain nonminors who were placed in guardianships to remain eligible for AFDC-FC payments until age 21.

These extended AFDC-FC payments continued until A.F.'s guardian died in a fire in May 2012. Agency terminated the benefits, taking the position that no further payments could be made on A.F.'s behalf because the guardian was the only authorized payee under the statute. A.F. remained in the guardian's family home along with the guardian's adult biological daughters (whom A.F. considers her sisters) and graduated from high school in June 2012. She began attending college out of state in the autumn of 2012.

In July 2012, A.F. filed a Request to Return to Juvenile Court Jurisdiction and Foster Care (Form JV-466), in an effort to secure extended AFDC-FC benefits for herself. In letter briefing filed in support of the petition, A.F.'s counsel argued sections 303 and 388 authorized the resumption of the court's dependency jurisdiction for the limited purpose of making the orders necessary to effectuate the payment of extended benefits under sections 11401, subdivision (b)(4), 11403, and 11405, subdivision (e). Agency opposed the request on the ground the statutory provisions cited did not apply to a nonminor who was no longer a dependent of the juvenile court and was no longer the

---

[2] Section 11405, subdivision (e) was amended by Stats. 2012, ch. 846, § 45.

2

subject of a guardianship, A.F.'s guardianship having terminated by virtue of her majority and/or the guardian's death.

The trial court concluded A.F. remained eligible for AFDC-FC benefits as a nonminor dependent or nonminor former dependent. (See §§ 11400, subds. (v) & (aa); 11403, 11405.) It issued an order giving Agency the authority to designate one of the deceased guardian's adult daughters as A.F.'s substitute caregiver, or to allow A.F. to be her own payee. Agency appeals, arguing (1) A.F. is ineligible to reenter foster care because she was no longer a dependent at the time of her 18th birthday; (2) there is no statutory authority for appointing a successor caregiver or ordering the payments to be made to A.F. directly; (3) the juvenile court exceeded its authority by ordering Agency to expend funds for A.F.'s support; and (4) A.F. failed to exhaust her administrative remedies before seeking judicial relief. We agree the trial court's order as issued cannot stand, but remand the case so the court can consider the appointment of a successor guardian.

DISCUSSION

Agency's appeal raises purely legal issues based on undisputed facts, making our standard of review de novo. (*In re Darlene T.* (2008) 163 Cal.App.4th 929, 937 (*Darlene T.*); see *In re R.C.* (2011) 196 Cal.App.4th 741, 748 (*R.C.*).) Though the facts on which the arguments are based are relatively straightforward, the underlying statutory scheme is not.

By way of background, the federal government offers financial support to foster care providers by making block grants to the states through the AFDC-FC program. (42 U.S.C. §§ 622(a), 670.) California receives AFDC-FC block grants, supplements the federal grants with state funds, and distributes the money through the state Department of Social Services and county social services agencies. (§ 11460; *In re Corrine W.* (2009) 45 Cal.4th 522, 526-527.)

Due to concerns about youths "aging out" of foster care before gaining the skills necessary to become productive members of society, the federal government in 2008 enacted the Fostering Connections to Success and Increasing Adoptions Act (Pubic Law

3

110-351), which allows certain youth in foster care to continue receiving assistance payments after turning 18, and requires that states implementing its programs provide assistance to youths before they age out of foster care.  (*In re K.L.* (2012) 210 Cal.App.4th 632, 637 (*K.L.*).)  Effective January 1, 2012, and consistent with federal law, our state legislature enacted the California Fostering Connections to Success Act (Assem. Bill No. 12 (2009-2010 Reg. Sess.); Assem. Bill No. 212 (2011-2012 Reg. Sess.)).

The federal and state AFDC-FC statutes and the benefits they provide are complementary but not coextensive.  For example, children placed under a guardianship rather than in foster care are not eligible for federal funds (*In re Joshua S.* (2007) 41 Cal.4th 261, 274-275), but under California law, a minor who is placed in the home of a nonrelated legal guardian is eligible for state AFDC-FC.  (§ 11402, subd. (d); State Dept. of Social Services, Manual of Policies and Procedures, Eligibility & Assistance Standards (Manual Letter No. EAS 06-04) § 45-301 (Eligibility Manual).)  Regardless of the state's ability to receive reimbursement from federal sources, social services agencies are obligated to work with eligible persons to help them receive the aid (state or federal) to which they are entitled.  (§ 10500.)

There are two categories of nonminors who may be eligible for extended AFDC-FC payments under state law:  "nonminor dependents" and "nonminor former dependents."  A nonminor dependent is defined as "a foster child . . . who is a current dependent child or ward of the juvenile court . . . who satisfies all of the following criteria: [¶] (1) He or she has attained 18 years of age while under an order of foster care placement by the juvenile court, and is not more than 19 years of age on or after January 1, 2012. . . . [¶] (2) He or she is in foster care under the placement and care responsibility of the county welfare department. . . . [¶] (3) He or she is participating in a transitional independent living case plan . . . as described in Section 11403."  (§ 11400, subd. (v); *K.L.*, *supra*, 210 Cal.App.4th at p. 637.)  Nonminor dependents who satisfy at least one of five educational and vocational conditions listed in section 11403, subdivision (b) are eligible to receive financial support until they reach 19, 20 or 21 years of age.  (*K.L.*, at p. 638.)  An individual who was under the juvenile court's jurisdiction as of January 1,

2012 and whose case was subsequently dismissed may file a petition under section 388, subdivision (e) seeking to reenter foster care and become a nonminor dependent for the purpose of receiving extended financial assistance.

A nonminor *former* dependent "means, on and after January 1, 2012, either of the following:  [¶] (1) A nonminor who reached 18 years of age while subject to an order for foster care placement, and for whom dependency . . . jurisdiction has been terminated, and who is still under the general jurisdiction of the court.  [¶] (2) A nonminor who is over 18 years of age and, while a minor, was a dependent child . . . of the juvenile court when the guardianship was established pursuant to Section 360 or 366.26. . . and the juvenile court dependency . . . was dismissed following the establishment of the guardianship."  (§ 11400, subd. (aa).)  A nonminor former dependent who was the subject of a guardianship cannot reenter foster care as a nonminor dependent under current law (§ 11403, subd. (c)), but may be entitled to extended AFDC-FC payments under section 11405, subdivision (e).[3]

Section 11405, subdivision (e)(1) provides: "On and after January 1, 2012, a nonminor youth whose nonrelated guardianship was ordered in juvenile court pursuant to Section 360 or 366.26, and whose dependency was dismissed, shall remain eligible for AFDC-FC benefits until the youth attains 19 years of age, effective January 1, 2013, until the youth attains 20 years of age, and effective January 1, 2014, until the youth attains 21 years of age, provided that the youth enters into a mutual agreement with the agency responsible for his or her guardianship, and the youth is meeting the conditions of eligibility, as described in paragraphs (1) to (5), inclusive, of subdivision (b) of Section 11403."[4]  Under section 11403, subdivision (b), "Effective January 1, 2012, a

---

[3] Assembly Bill No. 787, currently pending in the 2013-2014 Regular Session of the state Legislature, would amend sections 388, subdivision (c) and 11403, subdivision (c) to allow nonminor former dependents to seek reentry as nonminor dependents when, as in this case, their former guardian dies between their 18th and 21st birthdays.

[4] Section 11400, subdivision (u) defines a "mutual agreement" to include, "(1) A written voluntary agreement of consent for continued placement and care in a supervised

nonminor former dependent child . . . who is receiving AFDC-FC benefits pursuant to Section 11405 . . . shall be eligible to continue to receive aid as long as the nonminor is otherwise eligible for AFDC-FC benefits under this subdivision. This subdivision shall apply when one or more of the following conditions exist: [¶] (1) The nonminor is completing secondary education or a program leading to an equivalent credential. [¶] (2) The nonminor is enrolled in an institution which provides postsecondary or vocational education. . . ."

A.F. turned 18 on December 31, 2011, and had previously been a dependent child before her guardianship was established and her dependency was terminated in 1996. This renders her a nonminor former dependent under section 11400, subdivision (aa)(2). She has been in secondary school or college since turning 18, and has met the criteria for eligibility under section 11403, subdivision (b)(1)-(5), at all times relevant to this case. Under section 11405, subdivision (e)(1), A.F. was entitled to extended AFDC-FC benefits after turning 18 if she entered into a mutual agreement with Agency as defined by section 11400, subdivision (u). A.F. entered into such an agreement with her social worker and guardian on December 31, 2011, her 18th birthday, and extended AFDC-FC payments were made to the guardian on A.F.'s behalf.

The problem in this case arises because A.F.'s guardian died in May 2012. Agency took the position that AFDC-FC payments for a minor or nonminor former

---

setting between a minor or, on and after January 1, 2012, a nonminor dependent, and the county welfare services . . . for the foster care placement, that documents the nonminor's continued willingness to remain in supervised out-of-home placement under the placement and care of the responsible county . . . , remain under the jurisdiction of the juvenile court as a nonminor dependent, and report any change of circumstances relevant to continued eligibility for foster care payments, and that documents the nonminor's and social worker's . . . agreement to work together to facilitate implementation of the mutually developed supervised placement agreement and transitional independent living case plan. [¶] . . . . [¶] (3) *An agreement, as described in paragraph (1), between a nonminor former dependent or ward in receipt of AFDC-FC payments under subdivision (e) or (f) of section 11405 and the agency responsible for the AFDC-FC benefits, provided that the nonminor former dependent or ward described in subdivision (e) of Section 11405 satisfies one or more of the conditions described in paragraphs (1) to (5), inclusive, of subdivision (b) of Section 11403. . . .*" (Italics added.)

6

dependent under a legal guardianship could only be made to the guardian, and with no guardian to receive the assistance payments, no further payments could be made. In the papers filed in support of the request for reentry form (JV-466), A.F.'s counsel agreed that section 11405, subdivision (e) required the guardian to be the recipient of AFDC-FC benefits (see §§ 11400, subd. (z), 11405, subds. (a), (d)), but argued the juvenile court had the authority to reopen dependency proceedings for the limited purpose of designating an alternative payee for those benefits.

Notwithstanding the dismissal of A.F.'s dependency in 1996, the court retained jurisdiction over the guardianship for the limited purpose suggested by A.F.'s counsel. Section 366.4, subdivision (a) provides, "Any minor for whom a guardianship has been established resulting from the selection or implementation of a permanency plan pursuant to Section 366.26 . . . *or, on or after January 1, 2012, a nonminor former dependent child of the juvenile court who is receiving AFDC-FC benefits pursuant to section 11405*, is within the jurisdiction of the juvenile court." (Italics added.) This explicit grant of jurisdiction over a nonminor former dependent implicitly includes the power to appoint a successor guardian when necessary to ensure that payments under section 11405, subdivision (e)(1) are made to an otherwise eligible recipient.

Agency submits section 366.4 did not authorize the court to make such an order because section 11405, subdivision (e)(1) presupposes the nonminor former dependent is under the care of a former nonrelative guardian, and A.F.'s nonrelative guardian had died. We disagree with this analysis. There is no question the court could have appointed a successor guardian if A.F.'s guardian had died when A.F. was still a minor. (See § 366.3, subd. (b) [giving court the power to vacate a previous order dismissing a dependency and establishing a guardianship]; *In re R.N.* (2009) 178 Cal.App.4th 557, 566 [§ 388 petition used to appoint successor guardian for minor when original guardians died].) The statutes governing extended AFDC-FC payments do not explicitly address what happens when the guardian of an otherwise eligible nonminor dies. But construing section 11405, subdivision (e)(1) to mean extended AFDC-FC payments must cease upon the guardian's death, with no provision for the appointment of a successor guardian,

7

would place A.F. in an untenable position, fundamentally in conflict with the Legislature's underlying purpose of supporting former foster youth in their efforts to become independent adults. The court's jurisdiction over A.F. as a nonminor former dependent receiving benefits under section 11405 did not automatically terminate with the death of her guardian and must be construed to include the power to appoint a new guardian in the event of the original guardian's death.

Agency argues the court had no power to appoint a successor guardian because the guardianship itself ended when A.F. turned 18. It cites Probate Code section 1600, which provides that a guardianship under the Probate Code terminates when, among other things, the subject of the guardianship reaches the age of majority. In this case, however, the guardianship was not established under the Probate Code, but under Welfare and Institutions Code section 366.26. Welfare and Institutions Code section 366.4, subdivision (a) gave the juvenile court continuing jurisdiction over A.F. as a nonminor former dependent, and specifically provides, "For these minors, Part 2 (Commencing with Section 1500) of Division 4 of the Probate Code, relating to guardianship, shall not apply." The court's retention of jurisdiction under Welfare and Institutions Code section 366.4 logically includes the power to issue orders pertaining to the guardianship, including the appointment of a successor guardian, even if the court could not have lawfully declared A.F. a dependent or established a guardianship in the first instance after she turned 18.

Agency argues a modification of the original guardianship order was precluded by section 11403, subdivision (c): "[n]onminor former dependents, as identified in paragraph (2) of subdivision (aa) of Section 11400, are not eligible for reentry under subdivision (e) of section 388 as nonminor dependents under the jurisdiction of the juvenile court." But A.F. was not necessarily seeking nonminor dependent status; rather, she was asking the court to modify its previous order of guardianship to the extent necessary to effectuate payments under section 11405, subdivision (e). Section 11403, subdivision (c) specifically provides that notwithstanding their ineligibility to reenter foster care as a nonminor dependents, "Nonminor former dependents requesting the

resumption of AFDC-FC payments pursuant to subdivision (e) of Section 11405 shall complete the applicable portions of the voluntary reentry agreement, as described in subdivision (z) of Section 11400."[5] Eligible nonminor former dependents who were subject to a nonrelative guardianship may seek extended benefits under section 11405, subdivision (e), even if they are ineligible for nonminor dependent status.

Having concluded the juvenile court had the authority to modify the order of guardianship and appoint a successor guardian for the purpose of facilitating AFDC-FC payments under section 11405, subdivision (e)(1), we consider the contents of the order actually made by the trial court: "1.  The Court retains general jurisdiction over A.F. in order to fulfill the purposes of her original permanency plan in accordance [with] §§ 303(a) [court retains jurisdiction over child found to be dependent until dependent turns 21] and 366.4(a).  [¶]  2.  Regardless of whether A.F. satisfies the definition of a 'nonminor dependent,' A.F. remains eligible for AFDC-FC benefits, as the nonminor former dependent of a juvenile-court-appointed non-related legal guardian.  [¶] 3. . . . A.F. has fulfilled the vocational and educational requirements under [] § 11403(b). . . . [¶] 4.  The Court orders that All-County Letter 12-48, as well as [] §§ 362.7, 361.45 [concerning nonrelative extended family member placements and emergency placements] give the County Social Services Agency the authority and the discretion to modify A.F.'s foster placement and to allow her to reenter extended foster care by filing Form SOC-163 and designating either of her sisters as a substitute caregiver . . . or, if she meets the standards of the Eligibility and Assistance Manual § 45-301.214, to allow her to be her own payee."  Essentially, the court found A.F. eligible for extended AFDC-FC benefits and ordered Agency to designate a substitute caregiver who could receive those benefits on A.F.'s behalf.

_____

[5] Under section 11400, subdivision (z), a nonminor former dependent must agree "to return to the care and support of his or her former juvenile court-appointed guardian and meet the eligibility criteria for AFDC-FC pursuant to subdivision (e) of Section 11405."

9

The problem with the court's order is twofold. First, to the extent it contemplates a foster care placement rather than a continuation of the guardianship, it runs afoul of section 11403, subdivision (c) (quoted above), which precludes a nonminor former dependent who was subject to a guardianship from reentering foster care. The court's order effectively reinstates the dependency and directs Agency to make a foster care placement (or to make A.F. her own payee), which would render her a nonminor *dependent*, contrary to the express language of section 11403, subdivision (c).

The second defect in the court's order is that it purports to adjudicate A.F.'s eligibility for AFDC-FC payments, a function that rests with Agency as part of the executive branch of government. (*Darlene T.*, *supra*, 163 Cal.App.4th at pp. 938-939.) The courts do not have the authority to order a social services agency to make AFDC-FC payments without an administrative determination of eligibility for those payments, and judicial review of eligibility determinations is ordinarily limited to the consideration of a petition for writ of administrative mandate of the eligibility decision. (*Id*. pp. 939-940; § 10950 et seq.) Nothing in the record suggests A.F. sought administrative review of Agency's decision to deny her AFDC-FC benefits.

Though the order as written cannot stand, we remand the case to the juvenile court so it can, upon a request and sufficient showing by A.F., modify the prior order of guardianship to appoint a successor guardian. Such an order, which is not a determination of eligibility for benefits per se, would not implicate the administrative process and would not be precluded by a failure to exhaust administrative remedies. Upon the court appointment of a successor guardian, if any, A.F. may seek extended AFDC-FC payments through the available administrative process, and may petition to become her own payee to the extent authorized by the Eligibility Manual.

## DISPOSITION

The juvenile court's order of January 28, 2013 (as modified March 22, 2013) is reversed.  The case is remanded so the court can consider the appointment of a successor guardian, consistent with the views in this opinion.  Our writ of supersedeas shall be dissolved upon issuance of the remittitur.

_____
NEEDHAM, J.

We concur.

_____
JONES, P. J.

_____
SIMONS, J.

11

<u>A.F. v. Alameda County Social Services Agency, A137913</u>

Trial court:                         Alameda County Superior Court

Trial judge:                        Hon. David Matthew Krashna

Tamara Wiggins Steele, Deputy County Counsel and Donna Ziegler, County Counsel, for Petitioner and Appellant Alameda County Social Services Agency.

East Bay Children's Law Offices, Roger C. Chan, Executive Director, C. Joy Ricardo, Managing Attorney and Kevin Nieto; Valerie N. Lankford under appointment by the Court of Appeal for Respondent A.F.